IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| IN RE: | : | |
| | : | |
| C & A, S.E., | : | CASE NO. 05-05297 (GAC) |
| | : | |
| Debtor | : | CHAPTER 11 |
| _____ | : | |
| | : | |
| Euro-American Steel | : | |
| Company, Inc., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADV. NO. 06-00060 |
| | : | |
| United Insurance Agency, | : | |
| USF&G, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

**DECISION AND ORDER**

I. Background

The controversy pending before this Court is the removal of civil action number DKCD2005-1071 from the Superior Court of Puerto Rico, San Juan Section to this Court (Docket #1) by United States Fidelity & Guaranty Co. ("USF&G") and a motion to remand by Euro-American Steel Company Inc. ("Euro")(Docket #15).

On March 14, 2006, USF&G filed a notice of removal (Docket #1), removing civil action number DKCD2005-1071 from the Superior Court of Puerto Rico, San Juan Section to this Court. It is an action commenced by Euro against USF&G and United Insurance Agency. In the civil action, Euro seeks to recover $65,000 for the payment of monies allegedly owed by C&A, under a subcontract Euro entered

into with C&A prior to the bankruptcy filing, for the construction and sale of a 200,000 gallon steel tank, which was to be installed at the construction site of a Compost Plant in Toa Baja, Puerto Rico.

On April 27, 2006, Euro filed a motion to remand pursuant to Fed. R. Bankr. P. 9027(a)(3) (Docket #15), contending that USF&G filed a belated removal. Euro asserts that pursuant to Fed. R. Bankr. P. 9027(a)(3), USF&G had thirty days from the notice of the complaint to file the notice of removal. Euro asserts that USF&G filed the notice of removal on March 14, 2006, and that because USF&G was summoned on January 23, 2006, it had until February 23, 2006 to file it. Thus, Euro asserts that USF&G filed a belated notice of removal.

Euro also argues that this case is a non-core proceeding because the debtor is not a party to the local court proceeding. It contends that USF&G is a third party that, through a surety contract for payment and performance bond, assumed the legal responsibility to guarantee C&A's payment. Moreover, Euro asserts that its claim, filed in the local court, is based on the Civil Code of Puerto Rico and that the action would exist in the local court outside of the bankruptcy court. Euro requests that the Court remand the present adversary proceeding with the imposition of attorney's fees and expenses.

On May 19, 2006, USF&G filed a reply to Euro's motion to remand (Docket #18), arguing that although it filed the notice of

2

removal nineteen days after the February 23, 2006 deadline, it was the result of excusable neglect. USF&G argues that it had to examine the subcontract, which allegedly it did not have, in order to know what defenses it could raise or in the alternative, explore the possibility of a settlement. It argues that if Euro had provided it with the contract in a timely fashion, it would have filed a timely notice of removal. USF&G also asserts that pursuant to Paragraph 14.3.3 of the subcontract, C&A has no obligation to pay Euro any money until it has received final payment from the owner of the project, which is ADS, and until Euro provides USF&G with a release from the State Insurance Fund.

USF&G argues that filing a belated notice of removal in no way prejudices C&A or Euro. To the contrary, it asserts that both parties benefit from having the civil action adjudicated by the bankruptcy court because this Court also has before it the case of Nido v. ADS, Adversary No. 05-00149[1]. USF&G argues that it is directly related to the case at bar and that the outcome will determine whether or not C&A, USF&G or ADS is responsible for the payment of Euro's claim. USF&G also asserts that maintaining the present adversary proceeding in the bankruptcy court is also consistent with the best interest of C&A's bankruptcy estate.

Moreover, USF&G contends that the bankruptcy court has jurisdiction over the action pursuant to 28 U.S.C. §§ 157(a) and

---

[1] Adversary Case No. 05-00149 was remanded to the local court by Decision and Order of June 29, 2006 and is now pending appeal before the District Court of Puerto Rico.

1334 and 11 U.S.C. §§ 105(a), 502 and 362. It asserts that the present adversary proceeding belongs in the bankruptcy court because it might deal efficiently and expeditiously with all matters connected to C&A's bankruptcy estate. It contends that the action falls within the scope of one of the three types of jurisdiction "arising under," "arising in" or "related to" pursuant to 28 U.S.C. § 1334(b) and that because one of the three bases for federal jurisdiction is present, the present adversary proceeding has been properly removed. USF&G maintains that at a minimum, Euro's claim falls within the "related to" jurisdiction because the outcome of the matter will have an effect on C&A's bankruptcy estate. USF&G argues that according to the subcontract any amount that USF&G is adjudged to owe Euro, automatically becomes a debt of C&A's estate. Thus, USF&G asserts that any judgment obtained by Euro against USF&G will increase USF&G's claim against C&A's estate.

Finally, USF&G asserts that the Euro claim can also be categorized as a core-proceeding for the same reasons stated previously and because it affects the liquidation of the assets of C&A's estate and the adjustment of the debtor-creditor relationship pursuant to 28 U.S.C. § 157(b)(2). Therefore, USF&G requests that the Court enter an order denying Euro's motion to remand pursuant to Fed. R. Bankr. P. 9027(a)(3).

On June 28, 2006, Euro filed a motion to amend the lawsuit to include the debtor as a defendant and to issue summons (Docket

4

#23). Euro asserts that it filed a motion to lift the automatic stay against C&A and that the Court entered an order granting the lift of stay. Euro requests that the Court grant permission to amend the present adversary proceeding to include C&A as a defendant and to issue summons.

II. Discussion

Removal of state court actions to the bankruptcy court are provided for in the Judicial Code, which states that:

> [a] party may remove any claim or cause of action in a civil action... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). The time limits for filing a notice of removal of a civil action initiated after the commencement of the case under the Bankruptcy Code are governed by the Federal Rules of Bankruptcy Procedure, which states that:

> a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

Because Euro's action was filed after C&A's bankruptcy filing, pursuant to Rule 9027(a)(3), USF&G had thirty days to file the notice of removal after receiving the summons. USF&G was summoned

5

on January 23, 2006. Thus, the deadline to file the notice of removal was February 23, 2006. This Court concludes that because USF&G filed the notice of removal on March 14, 2006, nineteen days after the deadline, USF&G filed an untimely notice of removal.

Nonetheless, even if the removal were timely, section 1334 of the United States Code provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, when presented with a motion to remand, the bankruptcy court must first evaluate whether the state court action has been properly removed and determine whether it has subject matter jurisdiction over the proceeding. In re Santa Clara County Child Care Consortium, 223 B.R. 40, 44 (B.A.P. 1st Cir. 1998).

The "arising under" and "related to" concepts have been extensively discussed by the courts. "Arising under" proceedings are "those cases in which the cause of action is created by title 11." In re Middlesex Power Equipment & Marine Inc., 292 F.3d 61, 68 (1st Cir. 2002). As opposed to "related to," which the First Circuit Court of Appeals defines as:

> "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate."

Id.(quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)).

6

The present adversary proceeding relates to a pre-petition action for breach of contract that commenced outside the bankruptcy court. Euro's action clearly does not arise in or under title 11. At best, it would be a "related to" proceeding because it could have some effect on the bankruptcy estate.

The Supreme Court in Celotex v. Edwards, included as related to proceedings: "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." Celotex v. Edwards, 514 U.S. 300, 308 n.5 (1995). The Supreme Court recognized that the bankruptcy court's "related to" jurisdiction is not limitless and discussed in a foot note that the widely used test to decide if a court has "related to" jurisdiction is using the test in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984). Celotex v. Edwards, 514 U.S. at 308.

The test used in Pacor is "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Celotex v. Edwards, 514 U.S. at 308 n. 6. Although the Supreme Court indicated that other circuits have used different tests, it stated that whatever test is used, the cases "make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." Celotex v. Edwards, 514 U.S. at 308 n.6.

In In re Santa Clara County Child Care Consortium, 223 B.R. 40, 44 (B.A.P. 1st Cir. 1998) the guarantor of the debtor's loan removed a state court proceeding arguing that the court had

7

"related to" jurisdiction. The court used the "Pacor test" to determine whether litigation falls within the jurisdictional grant of section 1334(b). The Bankruptcy Appellate Panel for the First Circuit declined to find that it had "related to" jurisdiction, holding that the outcome of the removed case would not have a substantially and direct financial impact upon the reorganization proceeding, but, rather would merely determine the validity and enforceability of a guaranty between two creditors of debtor.

The Bankruptcy Appellate Panel for the First Circuit recognized in In re Santa Clara, that courts using the Pacor test have reached different outcomes, with some finding that they have "related to" jurisdiction in cases removed by third parties, see e.g. In re Hughs-Bechtol, 107 B.R. 556 (Bankr. S.D.Ohio 1989), and some declining to find "related to" jurisdiction, see e.g. In re Dak Mfg. Corp., 73 B.R. 921 (Bankr. D.N.J. 1987). However, in reaching a decision, the court in Santa Clara stated that it:

> [s]ides with courts that find an insufficient nexus to confer "related to" subject matter jurisdiction on the bankruptcy court, in state court actions involving non-debtor parties, which may result in contribution/substitution of creditors without a change in the classification of a claim as it relates to the debtor.

In re Santa Clara County Child Care Consortium, 223 B.R. at 49. Accordingly, the panel affirmed the decision of the bankruptcy court to remand the removed proceeding to the state court.

The present adversary proceeding relates to a pre-petition breach of contract between C&A's guarantor and a third party. ADS

8

hired C&A to be the contractor of a project in Toa Baja, P.R., and C&A entered into a contract with Euro for the sale of a 200,000 steel gallon tank for the amount of $65,000. Euro is one of the creditors listed in C&A's bankruptcy case, filing Proof of Claim #1 for the amount of $65,000. Euro filed the present action against USF&G in the local court to recover the amount allegedly owed by C&A. Therefore, in the present adversary proceeding if Euro is successful, then USF&G will be substituted as a creditor of ADS or C&A's estate. On the other hand, if Euro is not successful then C&A's estate will not be affected. Thus, in using the Pacor test, this Court finds that the outcome of Euro's action will not have any effect on the estate being administered in bankruptcy, it will only result in a substitution of creditors without a change in the classification of the claim as it relates to the debtor. Therefore, this Court concludes that it does not have "related to" jurisdiction and the case should be remanded to the local court.

ORDER

WHEREFORE IT IS ORDERED that Euro's motion to remand (Docket #15) is GRANTED. This action is hereby remanded to the Superior Court of Puerto Rico, San Juan Section.

SO ORDERED.

San Juan, Puerto Rico, this 18th day of August, 2006.

S/Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

9